Philip A. FISCHER and Fine & Levy, Inc., a Corporation, Plaintiffs-Appellees, v. Harry OSTROFSKY and David Ostrofsky, Doing Business under the Name and Style of Ostrofsky Brothers, Defendants-Appellants.

Circuit Court of Appeals, Second Circuit. April 4, 1927.

No. 320.

Appeal from the District Court of the United States for the Southern District of New York.

Hervey, Barber & McKee, of New York City (Andrew Foulds, Jr., of New York City, of counsel), for appellants.

Pennie, Davis, Marvin & Edmonds, of New York City (W. B. Morton and E. H. Merchant, both of New York City, of counsel), for appellees.

Before MANTON and MACK, Circuit Judges, and CAMPBELL, District Judge.

PER CURIAM. Decree (18 F.[2d] 964) affirmed, with costs.

---

In re JOHNSON.

(District Court, E. D. New York. November 13, 1926.)

No. 14253.

Bankruptcy ⟨⟩242(2)—Bankrupt and witness will be directed to answer questions respecting unlawful liquor transactions, if limitation has run against criminal prosecution.

Where bankrupt and his business associate refused to answer referee's questions, on hearing to disclose bankrupt's assets, on ground that questions related to unlawful liquor transactions, and that answers in respect thereto would tend to incriminate them, held that referee will be directed to determine date of alleged transactions, and, if statute of limitations has run against criminal prosecution, bankrupt and witness will be directed to answer questions.

In Bankruptcy. In the matter of William S. Johnson, bankrupt. On motion to require bankrupt and another to answer questions asked of them before a referee under section 21a, Bankruptcy Act, concerning disposition of bankrupt's assets. Motion granted.

Robbins, Wells & Housel, of Bay Shore, N. Y., for bankrupt.

Neil P. Cullom, of New York City, for trustee.

MOSCOWITZ, District Judge. The bankrupt, William S. Johnson, and his business associate, Clarence Dominy, refuse to answer certain questions put to them at a hearing conducted by the referee, upon the alleged ground that the answers would tend to incriminate them.

Counsel for the bankrupt, in a memorandum submitted to this court, said that the reason for the refusal of the witness to testify was "that the merchandise which the bankrupt had bought and sold was liquor, and, as such transactions were unlawful at the time they took place, it was quite natural for the witness to feel that an admission of such transactions would incriminate him."

If the statute of limitations has run, then neither Johnson nor Dominy can be subjected to criminal prosecution. It cannot be accurately ascertained from the examination when the alleged transaction took place.

The trustee is entitled to a full and fair examination of the bankrupt and the witness. The purpose of the examination is to disclose the assets of the bankrupt. There seems to be no real apprehension on the part of Johnson or Dominy that they will be prosecuted in a criminal proceeding. However, the referee will determine the date of the alleged transaction, and, if the statute of limitations has run, the bankrupt and the witness will be directed to answer the questions as indicated.

Motion is granted. Settle order on notice.